IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| KERI VENUTI, et al., *Plaintiffs*, v. AVCO CORPORATION, et al., *Defendants*. | No. 1:16-cv-00202-SB |

Joseph J. Farnan, III, Brian E. Farnan, Michael J. Farnan, Farnan LLP, Wilmington, Delaware; Cynthia M. Devers, The Wolk Law Firm, Philadelphia, Pennsylvania.
*Counsel for Plaintiffs.*

Elaine D. Solomon, Blank Rome, Philadelphia, Pennsylvania; Brandon W. McCune, Blank Rome, Wilmington, Delaware.
*Counsel for Defendant Avco Corp.*

Tim A. Goetz, Robinson Helicopter Company, Inc., Torrance, California; Timothy Jay Houseal, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware.
*Counsel for Defendant Robinson Helicopter Co.*

## MEMORANDUM OPINION

December 9, 2020

BIBAS, Circuit Judge, sitting by designation:

This is a wrongful-death case stemming from a fatal helicopter crash. Two of the defendants, Avco Corp. and Robinson Helicopter Co., have moved to dismiss. They argue that the plaintiffs did not bring this case within the limitations period and that the case is missing an indispensable party. Avco adds that this case is barred by a stipulation it signed with the plaintiffs. I will deny the motions.

### I. THIS SUIT IS TIMELY

Avco and Robinson argue that the plaintiffs brought this case after the limitations period ended. Avco adds that under a stipulation the plaintiffs signed, they brought this case too late. I disagree with both arguments.

**A. The suit is not barred by the statute of limitations**

The helicopter crashed on April 6, 2014. The plaintiffs sued Avco and Robinson in a Utah court on March 25, 2016. D.I. 108-4, PageID #1037. Four days later, they sued Avco here. D.I. 1. In late 2017, the plaintiffs dismissed Avco from this case to focus on the Utah case. D.I. 13. But about two years after that, the Utah case was dismissed because an indispensable party was missing. D.I. 108-4, PageID #1055–56. Five months after the dismissal, the plaintiffs restarted this case. They filed an amended complaint (their current one) adding Robinson as a defendant and re-adding Avco. D.I. 89.

In Delaware and Utah, plaintiffs must sue for wrongful death within two years. 10 Del. C. § 8107; Utah Code § 78B-2-304. Plus, in Delaware, if a timely suit is dismissed on procedural grounds—by a Delaware court or by any other—the plaintiff gets one year to refile the case, even if the limitations period has ended. 10 Del. C. § 8118; *Leavy v. Saunders*,

319 A.2d 44, 48 (Del. Super. Ct. 1974) (applying §8118's predecessor to cases originally brought in another state).

The plaintiffs restarted this case six years after the crash, so §8107 would ordinarily bar their claim. But §8118 saves it. First, the plaintiffs filed the Utah case right before the two-year anniversary of the crash. So that case was timely. And then they restarted this case within a year of the Utah dismissal. So this case is timely too. True, the plaintiffs restarted this case more than a year after they dismissed Avco from it. But they are not trying to piggyback on the old version of *this* case; they rely on the Utah one.

The defendants ask me not to apply §8118 because suing in Utah was a "strategic decision that backfired." Avco Br., D.I. 111, at 13. But venue is always a strategic decision. By the defendants' logic, §8118 could never revive a case filed elsewhere. That is not Delaware's rule. So §8118 applies, and this suit is timely.

### B. The suit is not barred by the plaintiffs' stipulation

When the plaintiffs dismissed Avco from this case the first time, the parties signed a stipulation:

> In the event that Avco is dismissed from the [Utah case], Plaintiffs shall then have 60 days from the date of any such dismissal to file an action against Avco in the present court (the United States District Court for the District of Delaware). If Plaintiffs file such an action against Avco in the present court, Avco agrees that it will not assert a statute of limitations defense as to any claims that are currently asserted against Avco in the Complaint[.]

D.I. 108-2, Ex. B. Avco says that under this stipulation, the plaintiffs had to restart this case within sixty days of the Utah dismissal. Because it took them five months, Avco argues, the case is untimely.

I disagree. Avco interprets the phrase "Plaintiffs shall then have 60 days [to sue]" to mean that the plaintiffs shall have *only* 60 days to sue. The phrase might mean that in another context. But here, the parties meant something else. "Have" can mean "to get, obtain." *Have* (def. 10a), *Oxford English Dictionary* (3d ed. 2015). And the stipulation says that if the plaintiffs do sue within 60 days, the statute of limitations does not apply. So in context, the phrase "Plaintiffs shall then have 60 days [to sue]" means that the plaintiffs shall *get* 60 days to sue, regardless of the statute of limitations. They might also get more, if the statute of limitations allows.

I thus conclude that the plaintiffs did not have to sue within sixty days. So I will not dismiss their claim against Avco.

## II. THIS SUIT IS NOT MISSING AN INDISPENSABLE PARTY

Avco and Robinson argue that I should dismiss the case because it is missing an indispensable party, Continental Motors, Inc. *See* Fed. R. Civ. P. 19(b). Continental built the helicopter part that allegedly broke. It was once a party here, but it settled with the plaintiffs and was dismissed. D.I. 102. The defendants argue that without a chance to pin the blame on Continental, they will be prejudiced. And they point out that the Utah court already accepted their argument when it found that Continental was an absent indispensable party and so dismissed the case.

I disagree. In the Utah case, not only was Continental an absent party, but the court lacked personal jurisdiction over it. D.I. 108, at 6. So in Utah, Continental likely could have evaded all discovery. But here, although the *plaintiffs* have dismissed Continental, the defendants can still go after the company, a Delaware corporation. As the defendants

4

Case 1:16-cv-00202-SB   Document 122   Filed 12/09/20   Page 5 of 5 PageID #: 2049

concede, they could "pursue … collateral third-party practice litigation against Continental." Avco Br., D.I. 108, at 17; Robinson Br., D.I. 115, at 25. True, they worry that this litigation would be "costly, time-consuming, and likely hotly contested." *Id.* But Continental would have resisted this litigation just as much if it were still a *defendant*. In any case, the defendants' proposal, that I dismiss the entire case, would be a vastly disproportionate remedy.

Because (unlike in Utah) the defendants can still try to get third-party discovery and pin the blame on Continental, Continental is not an indispensable party here.

\* \* \* \* \*

The plaintiffs' suit is timely and is not missing an indispensable party. So I will deny the motions to dismiss.

5