IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KERI VENUTI, et al.,

      *Plaintiffs,*

    v.

AVCO CORPORATION, et al.,

      *Defendants.*

No. 1:16-cv-00202-SB

Elaine D. Solomon, BLANK ROME LLP, Philadelphia, Pennsylvania; Brandon W. McCune, BLANK ROME LLP, Wilmington, Delaware; Tracy H. Fowler, SNELL & WILMER LLP, Salt Lake City, Utah.

      *Counsel for Avco Corp.*

Tim A. Goetz, ROBINSON HELICOPTER COMPANY, INC., Torrance, California; Timothy Jay Houseal, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

      *Counsel for Robinson Helicopter Co.*

Andrea S. Brooks, WILKS LAW, LLC, Wilmington, Delaware; Sherri R. Ginger, Timothy A. Heisterhagen, AMBRECHT JACKSON LLP, Mobile, Alabama.

      *Counsel for Continental Motors, Inc.*

**MEMORANDUM OPINION**

March 29, 2021

BIBAS, *Circuit Judge*, sitting by designation.

The plaintiffs sued Avco Corp., Robinson Helicopter Co., and Continental Motors Inc. over a deadly helicopter crash. Continental settled. Now Avco and Robinson want to make sure that if they lose, they can get reimbursed for Continental's fair share of the damages. So they filed third-party complaints against Continental. D.I. 135, 136. Continental has moved to dismiss the complaints. D.I. 141. I will deny the motion.

First, Avco and Robinson have sued for statutory contribution. 10 Del. C. §6302. Continental responds that under the settlement and Delaware law, it will never need to pay contribution. D.I. 142, at 6–8. Instead, if Avco and Robinson are found liable, but Continental is also at fault, then Avco and Robinson's damages to the plaintiffs will simply be reduced by Continental's share of the blame. See D.I. 92-2, at 5; 10 Del. C. §6304.

Continental is right, but it is not excused just yet. Continental assumes that Delaware law applies, so I will too. Under Delaware law, "a cross-claim [must] be filed before a jury may determine relative degrees of fault." *Ikeda v. Molock*, 603 A.2d 785, 786–87 (Del. 1991). Thus, even after a party's liability is "fixed by [a] settlement agreement," the other parties can make it stick around for a verdict on its share of the blame. *Id.* at 786–87 & n.3. So Continental must stay in the case and take part in discovery.

Avco and Robinson have also sued Continental for common-law indemnification. Continental responds that a defendant may not seek indemnification if it was actively negligent. D.I. 142, at 4–6. But even if that is right, Avco and Robinson allege that

2

3

they were (at worst) *passively* negligent. D.I. 135 ¶ 35; D.I. 136 ¶ 35. True, the plaintiffs claim otherwise. But in ruling whether to dismiss Avco's and Robinson's complaints, I must take *those* complaints as true, not the plaintiffs'. So Continental's argument is premature. The indemnification claims survive for now. I will deny the motion to dismiss.